UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| INDUUPRIYA PALLEKONDA, et al., | Case No.  26-cv-04896-RFL |
| Plaintiffs, |  |
| v. | **ORDER DENYING MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** |
| JOSEPH EDLOW, et al., |  |
| Defendants. | Re: Dkt. No. 2 |

This is an immigration mandamus action in which Plaintiffs seek adjudication of their I-485 applications.  Their applications are set to lose priority on June 1, so they move for entry of a temporary restraining order and/or preliminary injunction that would primarily require adjudication before that date, as well as other forms of relief.  Because Plaintiffs have failed to demonstrate a likelihood of success on the merits and that they would likely suffer irreparable harm in the absence of preliminary relief, the motion is **DENIED**.[1]  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (setting forth preliminary injunction standard); *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (citation and quotation marks omitted)).

Beginning with likelihood of success on the merits, Plaintiffs bring claims under the Mandamus Act (28 U.S.C. § 1361) and Section 706 of the Administrative Procedure Act. "Because mandamus relief and relief under the APA are in essence the same, when a complaint

---

[1] Plaintiffs also do not indicate in their complaint or motion that they provided notice to Defendants of their intent to seek emergency relief or why they could not provide such notice. That is an independent basis to deny the motion.  *See* Fed. R. Civ. P. 65(b)(1); Civil Local Rule 65-1(a).

seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, [courts] may elect to analyze the APA claim only." *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) (citation and quotation marks omitted). The APA claim is evaluated under the six-factor *TRAC* balancing test. *See id.* at 1137.

Under similar facts, the court in *Singh v. Jaddou*, No. 22-cv-01180-RAJ, 2022 WL 4094373, at *2-4 (W.D. Wash. Sept. 2, 2022), *aff'd sub nom.*, *Babaria v. Blinken*, 87 F.4th 963 (9th Cir. 2023), found that the factors did not weigh in favor of plaintiffs seeking a temporary restraining order to compel expeditious adjudication of their I-485 applications. The same is true here. The first factor (rule of reason) does not weigh in favor of Plaintiffs because their applications have been pending for about seven months, which is not long enough to be an unreasonable delay on its own. The second factor (congressional timetable) does not weigh in favor of Plaintiffs because USCIS benchmarks (*see* Complaint ¶ 53) are not a timetable set by Congress. The third and fifth factors (health, welfare, and Plaintiffs' interests) weigh in favor of Plaintiffs because delay in adjudication impairs their ability to travel internationally, which they wish to do to care for ailing family members abroad. *See, e.g.*, *Keller Wurtz v. USCIS*, No. 20-cv-02163-JCS, 2020 WL 4673949, at *5 (N.D. Cal. Aug. 12, 2020). The fourth factor (effect of expediting agency action) does not weigh in favor of Plaintiffs because their "request would simply leap-frog them to the front of the line, but they make no showing that would justify moving them to the head of the queue, or why their petitions should be processed immediately while other similarly-situated petitioners wait their turn." *Jaddou*, 2022 WL 4094373, at *4 (citation and quotation marks omitted). The sixth factor (impropriety) is "irrelevant because there is no evidence that the [government] has engaged in any improper conduct." *Vaz*, 33 F.4th at 1138 n.6. Considering all six factors, the Court concludes that Plaintiffs have not shown a likelihood of success on their claims.

Turning to likelihood of irreparable harm, "the ultimate harm that Plaintiffs allege—that USCIS will fail to adjudicate their applications by [June 1] and Plaintiffs will []lose [priority], is speculative at best." *Singh*, 2022 WL 4094373, at *5. Even assuming their applications will not

be adjudicated by June 1, losing priority is not an irreparable harm, as it does not prevent a favorable adjudication in the future.

In sum, Plaintiffs do not satisfy the standard for entry of a temporary restraining order or preliminary injunction.

**IT IS SO ORDERED.**

Dated: May 26, 2026

_____
RITA F. LIN
United States District Judge